Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CEJUDO, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>MUBI, INC.,<br><br>    *Defendant*. | Case No.  5:25-cv-03652<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**Table of Contents**

I. Introduction. ...................................................................................................................... 1

II. Parties. ............................................................................................................................. 1

III. Jurisdiction and Venue. .................................................................................................... 1

IV. Facts. ................................................................................................................................ 2

    A. California's Automatic Renewal Law. ..................................................................... 2

    B. MUBI violates the Automatic Renewal Law. .......................................................... 4

    C. MUBI illegally charged Mr. Cejudo for an automatic subscription. ........................ 7

V. Class Action Allegations. ................................................................................................. 8

VI. Claims. ............................................................................................................................. 9

    First Cause of Action: False Advertising Law (FAL) ..................................................... 9

    Second Cause of Action: Unfair Competition Law (UCL) ........................................... 10

VII. Relief. ............................................................................................................................. 11

VIII. Demand for Jury Trial. ................................................................................................... 12

## I. Introduction.

1. Companies that sell goods or services online often boost sales by enrolling their customers in automatically renewing subscriptions. Some companies fail to make clear to consumers that they are being signed up for automatic charges.

2. To protect Californians from these practices, California passed the Automatic Renewal Law (the ARL). The ARL requires companies who sign consumers up for automatically renewing purchases to provide "clear and conspicuous" disclosures about the autorenewal plan and obtain "affirmative consent" to enroll consumers.

3. Defendant MUBI, Inc. is an online movie and video streaming service. It sells monthly and yearly subscriptions to its library of streaming video content, along with weekly movie tickets. MUBI also offers free trials, or a discounted trial period, to entice customers to sign up.

4. At the end of the membership or trial period, MUBI automatically enrolls consumers for an additional month or year of membership and automatically charges the consumer's payment method. But MUBI does not provide clear and conspicuous disclosures or obtain affirmative consent to do so. This violates the Automatic Renewal Law.

## II. Parties.

5. Plaintiff Cesar Cejudo is domiciled in Panorama City, California.

6. The proposed class includes citizens of California.

7. Defendant MUBI, Inc. is a is a Delaware corporation with its principal place of business at 215 Park Avenue South Fl. 12, New York, New York 10003.

## III. Jurisdiction and Venue.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from the Defendant.

9. MUBI has consented to personal jurisdiction. MUBI's online terms state that any dispute in connection with the terms shall be submitted to the "exclusive jurisdiction of the federal

and state courts located in Santa Clara County, California."[1] Independently, the Court has personal jurisdiction over Defendant because it does business in California. It advertises and sells MUBI subscriptions in California. Due to Defendant's actions, its subscriptions have been marketed and sold to consumers in California (including Plaintiff), and harmed consumers in California. Plaintiff's claims arise out of Defendant's contacts with this forum. Due to Defendant's actions, Plaintiff purchased Defendant's MUBI subscription in California and was illegally auto-renewed in California.

10. Venue is proper because MUBI's terms elect this venue ("federal…courts located in Santa Clara County, California").

## IV. Facts.

### A. California's Automatic Renewal Law.

11. The Automatic Renewal Law ("ARL") is part of California's False Advertising Law. The purpose of the ARL is to "end the practice of ongoing" subscription charges "without the consumers' explicit consent." Cal. Bus. & Prof. Code §17600. To this end, the law makes it illegal for companies to charge consumers for automatically renewing subscriptions, unless the company meets strict disclosure and consent requirements.

12. Under the ARL, a company must "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer." Cal. Bus. & Prof. Code §17602(a)(1).

13. Also, if "the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial." Cal. Bus. & Prof. Code § 17602(a)(1).

14. The "automatic renewal offer terms" that must be presented include:

---

[1] https://mubi.com/en/terms_of_service

1) That the subscription or purchasing agreement will continue until the consumer cancels.

2) The description of the cancellation policy that applies to the offer.

3) The recurring charges that will be charged to the consumer's credit or debit card or payment account with a third party as part of the automatic renewal plan or arrangement, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known.

4) The length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer.

5) The minimum purchase obligation, if any.

Cal. Bus. & Prof. Code §17601(a)(2).

15. A "clear and conspicuous" disclosure "means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601(a)(3).

16. After presenting all of this information, the company must then obtain the "consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms." Cal. Bus. & Prof. Code §17602(a)(2).

17. The ARL also has post-purchase acknowledgment requirements (required in addition to the pre-purchase requirements described above). The post-purchase acknowledgment must include "the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code §17602(a)(3).

18. If a company automatically charges a consumer for products, in violation of the ARL, the products are deemed an "unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business." Cal. Bus. & Prof. Code §17603. In other words, if a company charges a consumer for an

automatically renewing subscription, in violation of the ARL, the charges are illegal and must be refunded.

B.   **MUBI violates the Automatic Renewal Law.**

19.   MUBI sells movie streaming subscriptions through its website, mubi.com. Consumers can sign up for the standard "MUBI" tier (which offers movie and video streaming) or the premium "MUBI Go" tier (which offers the same streaming, plus a weekly movie ticket). The subscription can be monthly or annual. MUBI entices consumers to enroll using free trials or discounted trial periods.

20.   At the end of the trial period, or subscription term, MUBI automatically enrolls customers in a new monthly or annual membership and automatically charges consumers' payment method.

21.   MUBI's enrollment process is substantially similar across its desktop and mobile websites. The process is also substantially similar across MUBI's trial offers (e.g. a 7-day free trial or limited-time, reduced trial price). This process is illustrated below.

22.   Consumers first create an account:



23. Consumers then choose either the "MUBI" or "MUBI Go" tier.



24. Consumers then enter their payment information. The following screen illustrates a 7-day free trial. But the process is substantially similar across trial offers:



25. In small, faded-grey text this screen says that, after the trial ends, "your MUBI membership will begin automatically at $14.99 a month." As explained in detail below, this text is not clear and conspicuous and is not compliant with the ARL.

26. When consumers click "Start Free Trial," they are enrolled. When the trial or subscription period ends, their payment method is automatically charged for a new monthly or annual subscription.

27. Under the ARL, a "clear and conspicuous" disclosure "means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601(3). MUBI's purported disclosure is in smaller (not larger) font than the surrounding text. The faded-grey text is low contrast so that it fades into the background. The text is not set off from the surrounding text in a manner that clearly calls attention to it. Instead, the small font and low contrast are designed to go unnoticed. This is in contrast to the large, bold font that is used to highlight "7 FREE DAYS OF MUBI" and "START FREE TRIAL."

28. MUBI's payment screen also fails to require the user to press a button expressly confirming that the user is agreeing to automatic renewal (MUBI does not say, for example: "By clicking Start Free Trial, I agree to the autorenewal terms").

29. MUBI's disclosures are also misleading. A consumer cannot "cancel anytime." If a consumer cancels during the monthly term (or yearly term), MUBI charges them for the remainder of the monthly (or yearly) term and only cancels the subscription when the monthly or yearly term ends.

30. MUBI also fails to send consumers a compliant post-purchase acknowledgment. The post-purchase acknowledgment must include "the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code §17602(a)(3). MUBI's post-purchase email fails to include this required information:



31. In sum, MUBI violates the Automatic Renewal Law in multiple ways. MUBI fails to clearly and conspicuously disclose the required automatic renewal terms, get affirmative consent, or provide a compliant post-purchase acknowledgment. As a result, its automatic charges are illegal and must be refunded.

**C.     MUBI illegally charged Mr. Cejudo for an automatic subscription.**

32. Mr. Cejudo signed up for a MUBI membership trial (offering 3 months for $1), through the MUBI website, on February 4, 2024. His enrollment process was substantially similar to the process described above. And as described in detail above, MUBI's enrollment process failed to comply with the ARL. When Mr. Cejudo signed up, he did not know that, at the end of the trial period, MUBI would automatically charge him $14.99 and enroll him in an automatically renewing monthly subscription. He did not expect, want, or consent to, this automatic renewal.

33. In May of 2024 (after the end of the 3-month trial), MUBI began automatically and illegally charging Mr. Cejudo for $14.99 a month. In May, Mr. Cejudo noticed the unwanted charge on his bank statement and contacted MUBI customer service to attempt to cancel. Customer service told him his account was cancelled and that "you will not be receiving any future charges." But that

was not true. He was automatically charged again in June. He again contacted customer service for a second time and only then was able to cancel and stop the charges.

34. If MUBI had complied with the ARL and made clear that it was going to automatically charge Mr. Cejudo in this way, he would not have signed up in the first place or would have cancelled before he was automatically charged.

35. Mr. Cejudo has no adequate remedy at law. The equitable claims asserted (the UCL and FAL) offer relief, including restitution, that is more prompt, certain, and efficient than legal damages.

## V.     Class Action Allegations.

36. Mr. Cejudo brings his claims for the following Class: All persons in California who enrolled in a MUBI trial or plan through the website, were enrolled in an automatically renewing MUBI subscription, and were charged for at least one subscription term after their initial trial period or commitment period ended, during the applicable statute of limitations.

37. The following people are excluded from the Class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

***Numerosity & Ascertainability***

38. The proposed class contains members so numerous that it is impractical to bring every individual claim. There are at least tens of thousands of class members.

39. Class members can be identified through Defendant's sales records and public notice.

***Predominance of Common Questions***

40. Common questions of law and fact predominate over individual issues. Common questions of law and fact include, without limitation: (1) whether MUBI's automatic renewal plans

violate the ARL and California consumer protection laws and; (2) restitution needed to compensate Plaintiff and the class.

### *Typicality and Adequacy*

41. Plaintiff's claims are typical of the class. Like the class, Plaintiff was illegally charged for a MUBI subscription in California. There are no conflicts of interest between Plaintiff and the class.

### *Superiority*

42. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI. Claims.

### First Cause of Action: False Advertising Law (FAL)

43. Plaintiff incorporates the facts alleged above.

44. Plaintiff brings this claim individually and for the class.

45. The FAL authorizes a private right of action for any violation of Chapter 1, including the ARL. See Cal. Bus. & Prof. Code § 17535 (actions can be brought by "any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter"); § 17602 (ARL); *see Arnold v. Hearst Magazine Media, Inc.*, at *17-18 (S.D. Cal. Feb. 10, 2021) (explaining how the FAL authorizes a private right of action under the ARL).

46. Defendant has violated Sections 17500 and 17602 of the Business and Professions Code.

47. Defendant violated Section 17500 of the Business and Professions Code by disseminating misleading advertisements concerning the automatically renewing nature of MUBI memberships. As described in detail above, Defendant's advertising of the MUBI subscriptions (and its failure to display ARL compliant disclosures) misled reasonable consumers about the automatically renewing nature of the plans.

48. The same conduct violates Section 17602 (the ARL). As alleged in detail above, Defendant violated the ARL by failing to clearly and conspicuously present its automatic renewal terms, failing to get affirmative consent, and failing to send a compliant post-purchase acknowledgment.

49. Defendant reasonably should have known that its violations are misleading to reasonable consumers.

50. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

51. Classwide reliance can be inferred because Defendant's misrepresentations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the MUBI memberships or deciding when to cancel.

52. Defendant's violations were a substantial factor and proximate cause of economic harm to Plaintiff and class members.

## Second Cause of Action: Unfair Competition Law (UCL)

53. Plaintiff incorporates the facts alleged above.

54. Plaintiff brings this claim individually and for the class.

*Unlawful*

55. Under the "unlawful" prong of the UCL, a violation of another law is treated as unfair competition and is independently actionable. Defendant committed unlawful practices because, as alleged above and incorporated here, it violated California's Automatic Renewal Law.

*Unfair*

56. As alleged in detail above, Defendant committed "unfair" acts by enrolling consumers in automatically recurring subscriptions, in violation of the ARL.

57. The harm to Plaintiff and the class greatly outweighs the public utility of Defendant's conduct. There is no public utility to illegal automatic renewal practices. This injury was not outweighed by any countervailing benefits to consumers or competition. Illegal auto-renewal practices only injure healthy competition and harm consumers.

58. Plaintiff and the class could not have reasonably avoided this injury. Defendant's representations and omissions were deceiving to reasonable consumers like Plaintiff. There were reasonably available alternatives to further Defendant's legitimate business interests, such as complying with the ARL.

59. Defendant violated established public policy by violating the ARL. The unfairness of this practice is tethered to a legislatively declared policy (that of the FAL and ARL).

60. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

***Deceptive***

61. As alleged in detail above, Defendant committed "deceptive" acts by enrolling consumers in automatically recurring subscriptions, in violation of the ARL.

62. Defendant's representations and deficient ARL disclosures were misleading to Plaintiff and other reasonable consumers.

63. Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

* * *

64. Defendant's violative conduct was a substantial factor and proximate cause of economic harm to Plaintiff and class members.

## VII.     Relief.

65. Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the class;
- Recission;
- Restitution, disgorgement, and other just equitable relief;
- Pre- and post-judgement interest
- Reasonable attorneys' fees and costs, as allowed by law; and
- Any additional relief that the Court deems reasonable and just.

## VIII. Demand for Jury Trial.

66. Plaintiff demands the right to a jury trial on all claims so triable.

Dated: April 25, 2025

Respectfully submitted,

By: */s/ Jonas B. Jacobson*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*