Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
Stephen Ferruolo (Cal. Bar No. 364158)
sferruolo@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR CEJUDO, individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiff,*<br><br>v.<br><br>MUBI, INC.,<br><br>　　　　*Defendant.* | Case No.  5:25-cv-03652-BLF<br><br>**[~~AMENDED PROPOSED~~] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CONDITIONAL CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Beth Labson Freeman |

Before the Court is Plaintiff's Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement (the "Motion"). For the reasons set forth below, the Court will grant the Motion.

## I.      Factual and Procedural Background.

This action was filed on April 25, 2025. Plaintiff Cesar Cejudo brought this lawsuit against MUBI, Inc. alleging that it violated California's Automatic Renewal Law by allegedly signing consumers up for an automatically renewing MUBI subscription service without their knowledge or consent. Based on these allegations, Mr. Cejudo brought claims under California's False Advertising Law and Unfair Competition Law.

The Parties engaged in approximately six months of settlement negotiations, including attending two mediation sessions with an experienced JAMS mediator. Prior to attending a mediation, the Parties exchanged critical information and prepared mediation briefs detailing their respective views on the case. Ultimately, as a result of these negotiations, the Parties finalized and executed the Settlement Agreement on January 5, 2026.

## II.     The Settlement.

### A.      The proposed Settlement Class.

The Settlement Class consists of all individuals in California who signed up for a subscription to MUBI, had his or her subscription to MUBI renewed, and did not receive a refund from MUBI of all subscription renewal charges during the Class Period. Settlement Agreement §I(FF). The Class Period runs from April 1, 2021 to May 31, 2025. *Id*. §I(L).

The following people and entities are excluded from the Settlement Class: all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of their respective officers and directors; the presiding judge in the Action or judicial officer presiding over the matter, and all of their immediate families and judicial staff. *Id.* §I(FF).

**B.      Benefits to the Settlement Class.**

The Settlement requires MUBI to establish a $1,600,000 Settlement Fund, which will be primarily used to make cash payments to Class Members, and will also cover the costs of notice and administration, attorneys' fees and costs, as approved by the Court, and a service award, as approved by the Court. *Id.* §§III(B)(1)(a), I(T). Class Members who file valid claims will receive an equal pro rata share of the Net Settlement Fund. *Id*. §I(II).

**C.      Settlement Administrator, administration costs, and notice.**

The Parties' proposed Settlement Administrator is Kroll Settlement Administration LLC ("Kroll"). The estimated cost of administration for this matter is $63,260. Administration costs of more than 10% over this estimate will not be approved without further Court order.

The Settlement Agreement requires the Parties to notify Settlement Class Members of the Settlement by (a) emailing the notice to all members of the Settlement Class that MUBI has emails for, and (b) mailing, by first class US mail, a postcard notice to Settlement Class Members for whom email notice bounces back or for whom MUBI does not have valid email addresses. In addition, the Settlement Administrator will also send reminder notice via email at least thirty days prior to the Claim Deadline.

The Settlement Administrator will also create a Settlement Website that will include all necessary and pertinent information for Settlement Class Members. And finally, the Settlement Administrator shall also establish a toll-free telephone number, through which Class Members may obtain information about the Settlement and obtain answers to frequently asked questions.

The Agreement also directs the Settlement Administrator to serve CAFA notice, as required by 28 U.S.C. § 1715.

**D.      Attorneys' fees and costs, and the Class Representative's service award.**

The Settlement contemplates a petition by Class Counsel for reasonable attorneys' fees and costs, as well as a service award for the named Plaintiff as compensation for his time and effort in the action. Under the Agreement, Class Counsel has agreed to limit any fees request to 25% of the Settlement Fund ($400,000). The Agreement also allows Counsel to seek reimbursement of

reasonable expenses (estimated to be approximately $25,000) and a service award of up to $5,000 for the Class Representative. Settlement Agreement §§III(D)(3-4).

The Settlement is not contingent on the Court's approval of any of these requests. *Id.* §§III(D)(5-6). The Court will consider these requests after Counsel files a motion for attorneys' fees, costs, and a service award.

**III.    The Settlement warrants preliminary approval.**

**A.    Conditional certification of the Settlement Class is appropriate.**

For purposes of this proposed Settlement only, and pending final approval of the Settlement Agreement after a Final Approval Hearing, the Court finds that the Settlement Class satisfies the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure. Thus, the Court conditionally certifies the Settlement Class.

Numerosity. The proposed Settlement Class is made up of approximately 37,700 people. Thus, the proposed Settlement Class is so numerous that joinder of all members is impracticable.

Commonality. There are multiple common questions of law and fact, including: (1) whether MUBI failed to provide clear and conspicuous notice that MUBI memberships automatically renewed in visual proximity to the button consumers pressed to sign up for MUBI's services; and (2) whether MUBI charged Class Members for an automatically renewing subscription without first receiving their affirmative consent to do so.

Typicality. Plaintiff alleges that he, like all other Settlement Class Members, signed up for a MUBI membership, and that MUBI converted that sign up into an automatically renewing subscription without providing him sufficient notice. And he alleges that, like all other Settlement Class Members, MUBI charged him subscription renewal fees without obtaining his affirmative consent. Thus, his claims are typical of those of the Settlement Class.

Adequacy. The Court finds that proposed Class Counsel have no conflicts of interest with absent Class Members, and that they are competent and capable of exercising their responsibilities. The Court also finds that Plaintiff has no conflicts of interest with the Settlement Class, and that he has fairly and adequately represented the interests of the Settlement Class in prosecuting the action.

Predominance. Common questions—like whether MUBI has violated the ARL—predominate. *See Wahl v. Yahoo! Inc.*, 2018 U.S. Dist. LEXIS 195287, at *8 (N.D. Cal. Nov. 15, 2018) ("The common question in this case — whether Yahoo violated the ARL by automatically renewing subscriptions to Rivals.com without statutorily required notice — predominates").

Superiority. Because Class Members' potential individual claims are small, and because their claims are virtually identical, a class action is a superior method to adjudicate this dispute.

**B.      The proposed Settlement appears fair, adequate, and reasonable, and warrants preliminary approval under Federal Rule 23(e)(2).**

The Court, after considering the factors laid out in Federal Rule 23(e)(2), and other factors considered by courts in this District, finds that the proposed Settlement appears fair, reasonable, and adequate, and within the reasonable range of final approval. In particular, the Court notes that the Parties engaged in arms'-length negotiations, that the Settlement treats Class Members equitably, and that the relief provided by the Settlement appears more than adequate, especially given the risks of continued litigation.

Negotiations. The Parties were represented by knowledgeable, competent counsel and sought the help of an experienced mediator. Counsel engaged in arms'-length negotiations over the course of approximately six months, and completed a thorough analysis of the case prior to agreeing to the Settlement. Moreover, none of the recognized signs of collusion are present here. The fee award that Class Counsel intends to request under the Agreement amounts to 25% of the Settlement Fund, which is in line with the Ninth Circuit's "benchmark" in common fund cases. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). The Parties did not negotiate a clear sailing provision. And the Settlement does not provide for the reversion of any funds to Defendant.

Relief provided by the Settlement and the risks of continued litigation. The Settlement offers meaningful and immediate monetary relief to Class Members. Plaintiff represents that the monetary relief, totaling $1,600,000, represents over 50% of the maximum damages for the Settlement Class. This appears reasonable and adequate, especially given that continued litigation would impose further costs, delays, and challenges to the strength of Plaintiff's case that may hinder the Class from obtaining relief.

No improper preferential treatment. The Agreement allows Class Counsel to seek up to a $5,000 service award for Plaintiff. This award represents approximately 0.3% of the Settlement Fund and appears appropriate given Plaintiff's diligent service throughout this litigation. Moreover, the Settlement does not grant preferential treatment to any segment of the Settlement Class. Instead, the Net Settlement Fund will be equitably distributed on an equal pro rata basis to Class Members who file valid claims.

The release is appropriately tailored. Under the Settlement, the release is limited to claims "arising from the Discharged Parties' automatic renewals of MUBI subscriptions during the Class Period, which were alleged in the operative complaint in the Action or which arise from the same factual predicate alleged in the operative complaint." Settlement Agreement §III(C)(1). It does not extend to claims Class Members may have against Defendant unrelated from the facts and allegations of the action. Thus, the release is appropriate. *See Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 303 (E.D. Cal. 2011) (noting that a release is appropriate if "released claims appropriately track the breadth of Plaintiffs' allegations in the action and the settlement does not release unrelated claims that class members may have against defendants.").

*    *    *

In sum, the Court's preliminary evaluation of the Settlement Agreement indicates that its terms are fair, reasonable, and adequate, and that the Settlement merits preliminary approval.

**C.    The Notice Plan provides for the best notice practicable under the circumstances.**

The Parties have developed and proposed a notice plan that requires the Settlement Administrator to send Class Members direct notice via either email or mail. Because Defendant has email and mailing addresses in its possession for nearly all Class Members, Class Counsel expects that notice will be near universal. The Court finds that the proposed notice plan constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and comports with due process, Rule 23, and all other applicable laws.

The Court also finds that the substance of the proposed Notice fully apprises Class Members of their rights under the Settlement. The Notice contains all of the necessary information required to inform Class Members of their rights. Thus, the Court finds that the proposed Notice is fair and

reasonable and orders the Settlement Administrator to administer notice as directed in the Settlement Agreement.

**D.    Opt-outs and objections.**

The Court has reviewed and now approves and adopts the procedures and manner governing all requests to be excluded from the Settlement Class, and for objecting to the Settlement Agreement, as provided for in the Settlement Agreement. Class Members may object to or opt-out of the Settlement by the Objection/Exclusion Deadline by following the procedures laid out in the Settlement and the Notice. After the Objection/Exclusion Deadline, no one shall be allowed to object to the Settlement or exclude himself or herself from the Settlement Class or seek to intervene.

**E.    The claims process.**

The Court has reviewed and now approves the content of the Claim Form and the claims procedures set forth in the Settlement Agreement. Class Members may file a claim by the Claim Deadline by following the procedures laid out in the Settlement and the Notice.

**F.    Schedule and procedures.**

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, and objecting to the Settlement:

| Event | Date |
|---|---|
| Notice Date | 30 Days After Preliminary Approval Order |
| Deadline for Class Counsel to File a Motion for Attorneys' Fees and Cost | 35 Days before Objection/Exclusion Deadline |
| Objection/Exclusion Deadline | 60 Days After Notice Date |
| Claim Deadline | 60 Days After Notice Date |
| Motion for Final Approval | 14 Days Before Final Approval Hearing |
| Class Counsel to File Responses to Any Written Objections | 14 Days Before Final Approval Hearing |
| Final Approval Hearing | July 16, 2026 at 9:00 AM |
| Funding of Gross Settlement Fund | 10 Business Days After Preliminary Approval Order |

**G.    Hearing.**

The Court will hold a Final Approval Hearing on July 16, 2026 at 9:00 AM, to determine the fairness, reasonableness, and adequacy of the Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered.

[Proposed] Order                                      6                          Case No. 5:25-cv-03652-BLF

**H.    Other provisions.**

All proceedings in this Action are stayed pending Final Approval of the Settlement, except as may be necessary to effectuate the Settlement or comply with its terms. Pending Final Approval of the Settlement, all Class Members are prohibited from commencing any action or other proceeding against Defendant (or any released party) that asserts a Released Claim, as defined in the Agreement.

If for any reason the Court does not execute and file an order of Final Approval, or in the event that the Settlement Agreement becomes null and void for any other reason, the Parties will be restored to the status quo ante as set forth in the Settlement. All orders entered in connection with this Settlement, including this order conditionally certifying the Settlement Class, will become null and void. And the Settlement Agreement, and all proceedings related to it, will be deemed to be without prejudice to the rights of any Parties.

The Court exerts exclusive and continuing jurisdiction over the claims and issues in this litigation and specifically over all aspects related to the proposed Settlement.

**V.    Conclusion.**

Based on the foregoing, IT IS ORDERED THAT:

1.    Plaintiff's Unopposed Motion for Conditional Class Certification and Preliminary Approval of Class Action Settlement is granted upon the terms and conditions set forth in this Order.

2.    The Court preliminarily certifies the Settlement Class, as defined in §I(FF) of the Settlement Agreement, for the purposes of settlement.

3.    The Court preliminarily appoints Cesar Cejudo as Class Representative for the purposes of settlement.

4.    The Court preliminarily appoints Jonas Jacobson, Simon Franzini, Martin Brenner, and Grace Bennett of Dovel & Luner, LLP as Class Counsel for the purposes of settlement.

5.    The Court preliminarily finds that the terms of the Settlement are fair, reasonable, and adequate, and comply with Rule 23(e) of the Federal Rules of Civil Procedure.

6.    The Court appoints Kroll Settlement Administration LLC as Settlement Administrator.

7.    The proposed Notice Plan complies with the requirements of Rule 23 and due process, and Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement.

Dated: March 12, 2026

_____
HON. BETH LABSON FREEMAN
UNITED STATES DISTRICT JUDGE